15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Norma J. GALLAGHER, Plaintiff-Appellant,
v.
Donna E. SHALALA,* Secretary, Department of
Health and Human Services, Defendant-Appellee.
 No. 92-35455.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1993.
Decided Jan. 28, 1994.
 
 Before: GOODWIN, CANBY, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Norma J. Gallagher appeals from the district court's summary judgment upholding the Secretary of Health and Human Services' (the "Secretary") decision denying her benefits under Title II of the Social Security Act, 42 U.S.C. Sec. 401 et seq. Gallagher contends that the district court erred by finding that substantial evidence supported the Secretary's decision. We affirm.
 
 
 3
 Gallagher was 47 years old at the claimed onset of disability in 1979 due to emphysema and lung-related illnesses. Her last job, as a cashier at a self-service gas station, ended in 1979. In January 1980, Gallagher was admitted to the hospital with a provisional diagnosis of bronchial asthma. No further treatment or medical records occur in the record until April 1987, when Gallagher was again hospitalized. At that time, she was diagnosed as having chronic obstructive lung disease, which the Secretary concedes has rendered her permanently disabled and unable to work. Gallagher filed an application for Title II benefits on May 19, 1987.
 
 
 4
 The administrative law judge (ALJ) found that Gallagher did not have a severe impairment that prevented her from performing basic work activities prior to the expiration of her insured status on September 30, 1981. The ALJ found that although the plaintiff currently would meet the listing status, the medical evidence showed that the plaintiff prior to September 30, 1981 had only "mild asthma and intermittent respiratory distress." Because she did not prove a "severe" impairment prior to the end of her insured status, the ALJ found that she was not disabled under the meaning of the Social Security Act, and was therefore not entitled to disability insurance benefits.
 
 
 5
 The Appeals Council declined to review the ALJ's decision, thus making it the final decision of the Secretary. Gallagher sought review in the district court. On March 20, 1992, the district court adopted a magistrate judge's report, which recommended affirming the ALJ's decision, and granted summary judgment in favor of the Secretary.
 
 
 6
 Gallagher argues that she met the listing of impairments prior to 1981 and that she did not have the residual functional capacity to perform her past relevant work. Gallagher cites only the January 25, 1980 and May 4, 1987 respiratory measurements to support her argument that she meets the federal disability listings for chronic pulmonary insufficiency.
 
 
 7
 However, she has failed to demonstrate that her medical condition, as diagnosed in 1980, persisted for a twelve-month period and made her unable to engage in any substantial gainful activity. 42 U.S.C. Sec. 423(d)(1)(A). Her own medical expert, Dr. Paul J. Snyder, acknowledged that without medical records, there was "no way of determining with the data I have whether or not she improved" after the acute episode of bronchitis that hit in 1980 was over.
 
 
 8
 Without medical documentation, the ALJ was presented with nothing but the diagnosis made on the scene in 1980, which was that Gallagher suffered from bronchial asthma, a condition that indicates the potential for reversibility of the airway disease. While the record does indicate that plaintiff's condition has grown progressively worse over the last ten years, particularly over a three-month period just prior to her hospitalization in 1987, there is no medical evidence to indicate that her impairment was of severe proportions prior to 1981.
 
 
 9
 Because of the absence of directly relevant medical records, the Secretary looked at medical evidence available for the time period in question. The Secretary noted that there was no medical evidence to indicate that Gallagher's impairment was of severe proportions prior to 1981. For example, Gallagher saw her physician on an outpatient basis only one or two times a year. Further, the notes of Gallagher's physician prior to 1980 failed to reveal any indication of a significant respiratory problem during the insured status period. As late as 1982, Gallagher reported that her asthma and breathing difficulties were only sporadic. Additionally, the plaintiff's activities during this period indicated that she had an ability to do at least sedentary work.[1]
 
 
 10
 The Secretary detailed specific reasons, based upon substantial evidence in the record, in concluding that the plaintiff did not prove that she was disabled within the meaning of the Act prior to September 30, 1981. AFFIRMED.
 
 
 
 *
 Donna Shalala has been substituted for her predecessor in office, Louis W. Sullivan, M.D., pursuant to Federal Rule of Appellate Procedure 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Gallagher also claims that the magistrate judge incorrectly required her to prove that she was disabled for twelve continuous months prior to the expiration of her insured status in order to receive disability benefits. Although one sentence of his report standing alone could be interpreted in this way, a reading of the report in its entirety makes it clear that the magistrate judge required Gallagher to show only that she was disabled prior to the date of expiration of her insured status and for a twelve-month period thereafter